IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21013
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO GOMEZ-ROMERO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-375-1
- - - - - - - - - -
August 7, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Fernando Gomez-Romero appeals the conviction and 41-month sentence imposed following his plea of guilty to a charge of being found unlawfully into the United States after deportation, a violation of 8 U.S.C. § 1326.

Gomez-Romero contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). Gomez-Romero's argument is foreclosed.

Gomez-Romero also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent. Because Gomez-Romero did not challenge his indictment on this ground in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard. See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 2001 WL 321598 (U.S. Jun 29, 2001) (No. 00-9174). Gomez-Romero's indictment "fairly conveyed that [his] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General." See United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001). Accordingly, his indictment sufficiently alleged the general intent required of 8 U.S.C. § 1326 offenses. See id. at 297-300.

AFFIRMED.